UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
JACINTO HERNANDEZ

                                                   Plaintiff,                **COMPLAINT**

          -against-                                                    **FLSA COLLECTIVE**

FOOD UNIVERSE MARKETPLACE, and
DOMENICAN EFREN, individually

                                                   Defendants.

------------------------------------------------------------------------------X

       Plaintiff Jacinto Hernandez ("Plaintiff" or "Hernandez"), individually and on behalf of others similarly situated, by and through his attorney, Jacob Aronauer of the Law Offices of Jacob Aronauer, complaining of Food Universe Marketplace and Domenican Efren ("Defendant" or "Efren") alleges the following:

## PRELIMINARY STATEMENT

1. This is a civil action brought by the Plaintiff and all similarly situated employees to recover unpaid overtime and minimum wage compensation and notice damages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at Defendants' business.

3. Plaintiff and the FLSA Collective also bring this action under the Wage Theft Protection Act for the Defendants' failure to provide written notice of wage rates in violation of said laws.

4. The FLSA collective seeks injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

5. Plaintiff also brings this action due to Defendants' failure to pay earned wages in violation of New York Labor Law § 663, *et seq*.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. §1332, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

7. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff Jacinto Hernandez**

9. Plaintiff is and was at all times relevant hereto an adult individual residing in Queens County, New York.

10. From approximately September 2017 to June 2021, Plaintiff worked as a supermarket employee at Food Universe Marketplace located at 32-11 Beach Channel Dr., Far Rockaway, NY 11691.

11. Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

**Defendant Domenican Efren**

12. Defendant Efren exercises sufficient control over Food Universe Marketplace to be considered the FLSA Collective's employer under the FLSA.

13. Defendant Efren is a person engaged in business in Queens County, who is sued individually in his capacity as an owner, officer and/or agent of Food Universe Marketplace.

14. Defendant Efren exercises sufficient control over Food Universe Marketplace to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Food Universe Marketplace.

15. Defendant Efren employed Plaintiff and similarly situated employees at all times relevant.

16. Defendant Efren had substantial control over Plaintiff's working conditions and practices alleged herein.

**Defendant Food Universe Marketplace**

17. Defendant Food Universe Marketplace is a business incorporated in the State of New York, located at 32-11 Beach Channel Dr., Far Rockaway, NY 11691.

18. At all times relevant to this action, Food Universe Marketplace was an "enterprise engaged in interstate commerce" within the meaning of the FLSA and NYLL.

19. On information and belief, Defendant Efren maintains control, oversight, and direction over Food Universe Marketplace.

20. On information and belief, Food Universe Marketplace has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

## COLLECTIVE ACTION ALLEGATIONS

21. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of other similarly situated employees who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

22. The FLSA Collective consists of approximately 25 similarly situated current and former employees of Defendants who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA, *inter alia*, willfully denying them overtime wages.

23. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, *inter alia*, the following:

   i. failing to pay employees the applicable overtime rate for all time worked in excess of 40 hours per week;

   ii. failing to keep accurate records of hours worked by employees as required by the FLSA.

24. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants'

4

unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

25. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

26. The FLSA and NYLL require that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of 40 hours during any workweek, unless they are exempt from coverage.

27. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employees' wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

## STATEMENT OF FACTS

**Defendants' General Employment Practices**

28. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff (and all similarly situated employees) to work in excess of 40 hours a week without paying appropriate minimum wage and overtime compensation as required by federal and state laws.

29. Plaintiff was a victim of Defendants' common policy and practices, which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

**Plaintiff Hernandez's Employment at Food Universe Marketplace**

30. From on or about September 2017 to on or about June 2021, Plaintiff worked as a supermarket employee on behalf of Defendants.

31. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours each week.

32. Throughout his employment with Defendants, Plaintiff was not compensated for overtime.

33. For periods of time during his employment with Defendants, Plaintiff was not compensated at the lawful minimum wage rate.

**Plaintiff Hernandez's Work Schedule and Salary at Food Universe Marketplace**

34. From on or about September 2017 to on or about June 15, 2021 Plaintiff was scheduled to work six days a week, Sunday through Friday.

35. During this time period, Plaintiff worked from 12:00 p.m. to 9:00 p.m.

36. For one two-week time period during his employment, Plaintiff was required to work from 9:00 a.m. to 9:00 p.m.

37. Plaintiff received a one-hour lunch break during his shift.

38. Plaintiff then resumed his normal work schedule.

39. Plaintiff was paid entirely in currency (cash).

40. From September 2017 through November 2020, Plaintiff was paid $450 per week in cash.

41. This salary was only inclusive of the first 40 hours that Plaintiff worked.

42. From December 2020 through June 2021, Plaintiff was paid $500 per week in cash.

43. This salary was only inclusive of the first 40 hours that he worked.

6

44. During these time periods, Defendants did not pay Plaintiff overtime in compliance with the FLSA and the NYLL.

45. For periods of time during Plaintiff's employment with Defendants, Defendants did not pay Plaintiff at the lawful minimum wage rate.

**Defendants' Violations of the Wage Theft Protection Act**

46. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

47. Throughout the relevant time period, Defendants paid Plaintiff without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

48. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*
### (On Behalf of Plaintiff and the FLSA Collective)

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. Throughout the relevant time period, Plaintiff and the FLSA Collective regularly worked in excess of 40 hours per workweek.

51. At all relevant times throughout Plaintiff's employment, Defendants have operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for all work in excess of 40 hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

52. At all times relevant throughout Plaintiff's employment, Defendants willfully, regularly, and repeatedly failed to pay the required rate of one and one-half times his regular hourly rate for all hours worked in excess of 40 hours per workweek.

53. Defendants' decision not to pay overtime was willful.

54. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal equitable relief as this court deems just and proper.

## SECOND CAUSE OF ACTION
## New York Labor Law – Failure to Pay Minimum Wage
## (On Behalf of Plaintiff)

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been the employer of the Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

57. At all times relevant, Plaintiff was covered by the NYLL.

58. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

59. Defendants failed to pay Plaintiff the minimum hourly wages to which he was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

60. Through their knowledge and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

61. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law
### (On Behalf of Plaintiff)

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR § 142-2.2.

64. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay for all of his overtime hours worked, in violation of the NYLL.

65. Defendants' failure to pay required overtime was willful.

66. As a result of Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants' unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NY Labor Law.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Wage Statements
### (On Behalf of Plaintiff)

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. Defendants willfully failed to supply Plaintiff with wage notices, as required by the NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as their primary language, containing Plaintiffs' rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6 § 191.

69. Through their knowing or intentional failure to provide Plaintiff notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq*.

70. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### FIFTH CAUSE OF ACTION
### Failure to Provide Annual Wage Notices in Violation of New York Labor Law
### (On Behalf of Plaintiff)

71. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

73. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

74. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each,

11

reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the entry of an order and judgment against the Defendants, Food Universe Marketplace and Domenican Efren as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(c) Damages for the unpaid overtime wages, minimum wage, and notice damages due to Plaintiff, in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(d) For pre-judgment and post judgment interest on the foregoing amounts;

(e) For his costs and disbursements of this action, including attorneys' fees; and

(f) For such other further and different relief as this Court deems just and proper.

Dated: August 18, 2021
       New York, New York

                                        **THE LAW OFFICES OF JACOB ARONAUER**

                                        Respectfully submitted,

                                        */s/ Jacob Aronauer*
                                        Jacob Aronauer
                                        225 Broadway, 3rd Floor
                                        New York, NY 10007
                                        (212) 323-6980
                                        jaronauer@aronauerlaw.com
                                        *Attorney for Plaintiff*